IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GAEDEKE HOLDINGS VII, LTD. and GAEDEKE OIL & GAS OPERATING, LLC, | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 3:23-CV-00503-B |
| v. | § § § | |
| GREAT AMERICAN INSURANCE CO., | § § § § | |
| Defendant. | § | |

**PLAINTIFFS' UNOPPOSED MOTION FOR
LEAVE TO AMEND AND BRIEF IN SUPPORT**

COME NOW PLAINTIFFS, Gaedeke Holdings VII, Ltd. ("GH VII," and individually a "Plaintiff") and Gaedeke Oil & Gas Operating, LLC ("GOGO," and individually a "Plaintiff") (collectively the "Plaintiffs") and respectfully move the Court, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to file a First Amended Complaint, a copy of which is attached hereto as Exhibit "A" and which is incorporated herein by reference.

Counsel for Plaintiffs communicated with counsel for Defendant and asked whether it will oppose Plaintiffs' request for leave to amend, and on June 20, 2023, it responded that it does not oppose the Motion but reserves the right to move to dismiss the Amended Complaint if leave is granted.

**I.       BRIEF PROCEDURAL BACKGROUND**

Plaintiffs filed their Original Petition in the 162nd Judicial District Court of Dallas County, Texas on February 3, 2023 (Document 1.1). Plaintiffs asserted causes of action against Defendant Great American Insurance Co. for breach of contract, violations of Chapter 542 of the Texas

Insurance Code, and bad faith. Defendant removed Plaintiffs' entire lawsuit to this Court on or about March 6, 2023 (Doc. 1).

Plaintiffs now seek permission of the Court to file an amended complaint, which removes the Chapter 542 claim, adds additional factual allegations to support the remaining claims, and adds a new cause of action pursuant to Texas Insurance Code Chapter 541. *See generally* Ex. A. The Court entered a Scheduling Order on March 7, 2023, which states that motions for amendment of pleadings must be filed by July 3, 2023 (Doc. 4, ¶1(a)). Thus, this Motion is timely filed.

## II.     ARGUMENTS AND AUTHORITIES

### A. Legal Standard for Amendment

Motions for leave to amend are governed by Rule 15(a)(2), which requires leave to amend to be granted freely "when justice so requires." Fed. R. Civ. Proc. 15(a)(2). While leave to amend is not automatic, *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), the federal rules' policy is "to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

The Court "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of the allowance of the amendment, and futility of the amendment. *Jones*, 427 F.3d at 994. But Rule 15(a) provides "a strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy*, 660 F.2d at 598; *accord Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) ("leave to amend

is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile.").

### B. Basis of Requested Amendment

Defendant does not oppose this Motion. To date, no discovery has been served, and this case is in the earliest stage of litigation. The proposed amended complaint maintains the same general allegations against the same Defendant from the original pleading, adds one additional claim, removes a claim that the parties agree is inapplicable to the parties' dispute, and adds additional factual support in response to Defendant's motion to dismiss briefing. *See generally* Ex. A. None of the changes in the proposed amended complaint would surprise Defendant as Defendant had notice of all changes either through the motion to dismiss briefing or the notice provided in Plaintiffs' Original Petition.

Specifically, the proposed amended complaint removes the claim for violations of Chapter 542 of the Texas Insurance Code, adds a claim for violations of Chapter 541 of the Texas Insurance Code (*Id.* at ¶¶ 32-38), and adds factual details regarding the underlying wrongful conduct of Code Williams and the Defendant's wrongful conduct. Notably, the Chapter 541 claim was not previously added because the Texas Insurance Code required that Plaintiffs provide sixty (60) days' notice of the claim prior to asserting it in this lawsuit. *See* Tex. Ins. Code § 541.151. When Plaintiffs originally filed this lawsuit, statutory notice of the impending Chapter 541 claim was given to Defendant in the Original Petition, and the sixty-day clock started to tick for the statutory notice period (Document 1.1 at ¶¶ 35-41). Now that sixty days have passed, Plaintiffs are seeking to amend their lawsuit to add the noticed claim. Further, the motion to dismiss briefing, analysis, and research—which took place throughout March and April of 2023—led Plaintiffs to conclude

that they did not want to pursue a Chapter 542 claim and additional factual details could be helpful for Defendant and the Court.

Here, Plaintiffs moved promptly to add the Chapter 541 claim after statutory notice was complete, and they promptly moved to make other changes to their pleadings based on the parties' motion to dismiss briefing and research. Thus, there is no evidence of any undue delay, bad faith, or dilatory motive on Plaintiffs' part and the Court should permit Plaintiffs to file an amended complaint. *Palomino v. Wells Fargo Bank, N.A*., No. 6:15-cv-375-RWS-KNM, 2017 WL 989300, at *5 (E.D. Tex. Feb. 17, 2017). Likewise, the Court should permit amendment because Defendant does not oppose this Motion, this case is in its early stages, and Defendant will not be prejudiced by the amendment of which it had ample notice. *Id*.; *see Crossland v. Canteen Corp*., 711 F.2d 714, 729 (5th Cir. 1983) (placing burden to establish prejudice on party objecting to the motion for leave to amend).

### III.    CONCLUSION

Plaintiffs have demonstrated that they have not unduly delayed their request to amend, their request is not made in bad faith or for a dilatory purpose, and Defendant will not suffer prejudice from the amendment. Accordingly, Plaintiffs respectfully urge the Court to grant their requested unopposed amendment, as set forth in the proposed pleading attached hereto. Plaintiffs seek all such other relief, at law or in equity, to which they may be entitled.

Respectfully submitted,

*s/ Angela M. Buchanan*
Angela Buchanan, Texas Bar No. 24059213
John M. Bunting, Texas Bar No. 24073974
PHILLIPS MURRAH P.C.
3710 Rawlins Street, Suite 900
Dallas, Texas 75219
Telephone: 469-485-7341
Facsimile: 214-434-1370
*ambuchanan@phillipsmurrah.com*
*jmbunting@phillipsmurrah.com*

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF CONFERENCE**

On June 14, 2023, Angela Buchanan, counsel for Plaintiffs emailed Michael A. Graziano, counsel for Defendant a copy of the proposed amended pleading and asked whether Defendant would oppose Plaintiffs' Motion for Leave to Amend. Counsel for Defendant responded on June 20, 2023 that it will not oppose the Motion, but reserves the right to move to dismiss the Amended Complaint if leave is granted.

*/s/ Angela M. Buchanan*
Angela M. Buchanan

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of June, 2023, a true and correct copy of this document has been delivered via eService to the following counsel of record:

Paul Simon
SIMON | PASCHAL PLLC
5300 Town and Country Blvd., Suite 155
Frisco, TX 75034

   - and -

Michael A. Graziano
ECKERT SEAMANS CHERIN & MELLOTT, LLC
1717 Pennsylvania Avenue
NW, 12th Floor
Washington, D.C. 20006

                                                 */s/ Angela M. Buchanan*
                                                 Angela M. Buchanan